IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  10-cv-01570-WYD-MJW

EVAN BARK,

      Plaintiff,

v.

Detective Mark CHACON, Colorado Springs Police Department (in his
personal capacity);
Sergeant Dale FOX, Colorado Springs Police Department (in his personal
capacity);
Sergeant Mike FREEMAN, Colorado Springs Police Department (in his
personal capacity);
Sergeant Joshua BENNER, Colorado Springs Police Department (in his
personal capacity);
Officer Felix JULIANO, Colorado Springs Police Department (in HIS
personal capacity);
Officer Daniel MORK, Colorado Springs Police Department (in HIS
personal capacity);
Officer Christopher LAABS, Colorado Springs Police Department (in HIS
personal capacity);
Andrew HOLMES, Deputy Sheriff, El Paso County Sheriff's office (in his
personal capacity);
The City of Colorado Springs, Colorado, a municipality; and
El Paso County, Colorado,

      Defendants.

---

## ORDER

---

I.     INTRODUCTION AND BACKGROUND

     THIS MATTER is before the Court on the City Defendants' Motion to Dismiss,

filed November 18, 2010 [ECF No. 23], and the County Defendants' Motion to Dismiss

Amended Complaint, filed November 22, 2010 [ECF No 25].  Plaintiff filed a response

on December 26, 2010, and the Defendants filed replies on January 7, 2011, and

January 10, 2011, respectively.

Plaintiff filed an Amended Complaint in this case on November 4, 2010, pursuant

to 42 U.S.C. § 1983, asserting claims against all Defendants for unreasonable

detention, false imprisonment, unlawful search and seizure, and arrest without probable

cause in violation of his rights under the Fourth, Fifth and Fourteenth Amendments.

In the Amended Complaint, Plaintiff alleges that on December 31, 2009, at 1:30

a.m., the individual Defendants came to his residence to investigate an armed robbery

that had occurred the previous day.  The robbery involved two suspects, both of whom

were described as African American males.  Plaintiff is a Caucasian male, and is self

employed as a handyman.  Plaintiff contends that when he answered his door at 1:30

a.m., unarmed and wearing only his pajama bottoms, he encountered at least ten law

enforcement officers on his property, six of whom had their guns drawn and pointed at

him.  The six officers ordered Plaintiff to exit his home and two of them dropped him to

his knees in the snow, where he was forced to remain for approximately ten minutes.

Some of the other officers entered Plaintiff's home without a search warrant and without

Plaintiff's permission.  Several minutes later, the officers forcibly walked Plaintiff back

into him home and placed him on his couch.  Plaintiff was not permitted to put on any

clothes and was informed by Defendant Chacon or another Defendant that he was

detained in his home and could not leave.  Another Defendant read Plaintiff his *Miranda*

rights, but when Plaintiff asked to call his mother, who is a paralegal, the Defendant

took his cell phone and Plaintiff was unable to call an attorney or a family member.

Detective Chacon or another Defendant told Plaintiff that the officers were going to impound his vehicles unless he gave consent to a search of his home and vehicles. Plaintiff alleges that he was in an extreme state of emotional distress at this time, and gave consent to the search under duress. The individual Defendants then proceeded to search Plaintiff's car, truck, trailers and home, and removed several items from Plaintiff's home. Plaintiff did not see what items were removed because Defendants would not allow him to move from the couch. After the search, Plaintiff was interrogated for approximately three hours by different Defendants concerning the armed robbery. During the interrogation, Detective Chacon or another Defendant told Plaintiff that he had been identified by four eye witnesses and caught on surveillance cameras committing the robbery. Plaintiff asserts that, upon information and belief, there are no witness statements that identified him as a perpetrator of the armed robbery. After the interrogation, the individual Defendants left without arresting Plaintiff.

Plaintiff alleges that following this incident he suffered a complete emotion breakdown and was unable to eat, sleep or work. On January 4, 2010, Defendant Chacon contacted Plaintiff and informed him that he was no longer considered a suspect in the armed robbery. Plaintiff was never charged with any crime arising out of the armed robbery.

Plaintiff contends that Defendants lacked probable cause to search his home, or to seize, detain and arrest him. In addition, Plaintiff asserts that the City of Colorado Springs, the El Paso County Sheriff's Department and El Paso County failed to properly

train and supervise the individual Defendants.

II.    ANALYSIS

    1.    Standard of Review

    The Federal Rules of Civil Procedure provide that a defendant may move to

dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R.

Civ. P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh

potential evidence that the parties might present at trial, but to assess whether the

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be

granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and

quotation marks omitted).  "A court reviewing the sufficiency of a complaint presumes all

of plaintiff's factual allegations are true and construes them in the light most favorable to

the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

    "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft

v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss,

means that the plaintiff pled facts which allow "the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.*  If the allegations

state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 1950.

However, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions."  *Iqbal*, 129 S. Ct. at 1949. Moreover, a

plaintiff's obligation to provide the grounds of his entitlement to relief requires "more

than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 546. In addition, the "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level." *Id.* at 555.

    2. <u>Motions to Dismiss</u>

Defendants the City of Colorado Springs, Fox, Freeman, Benner, Juliano, Mork, and Laabs[1] (collectively, the "City Defendants"), and El Paso County and Defendant Holmes (collectively, the "County Defendants"), move to dismiss all claims against them.

    a. <u>The Institutional Defendants</u>

The City of Colorado Springs (the "City") and El Paso County (the "County") contend that the facts alleged in the Amended Complaint are insufficient to give rise to claims for failure to train or supervise because the Amended Complaint does not allege a custom, policy, or practice, and because it does not allege facts indicating how the City and County failed to trail or supervise its officers.

The Supreme Court held in *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 689-90 (1978), that municipalities and other local governmental bodies are "persons" within the meaning of 42 U.S.C. § 1983. To establish municipal liability, a plaintiff must show: (1) the existence of a municipal policy or custom and (2) a direct causal link between the policy or custom and the injury alleged. *City of Canton v.*

---

[1]Defendant Chacon is also employed by the City of Colorado Springs, but he does not seek dismissal of the claims against him.

*Harris*, 489 U.S. 378, 385 (1989).  "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."  *Board of County Com'rs. of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403-04 (1997).

In *City of Canton*, *supra*, the Supreme Court made clear that a municipality could be liable under certain circumstances for its employee's conduct.  Although it could not be liable for the negligence of an employee under the doctrine of respondeat superior, it could be liable under a failure to train theory if its "failure to train in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants. . .."  *City of Canton,* 489 U.S. at 388.  Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983."  *Id.* at 389.  Further, the Supreme Court made clear that the Plaintiff must show that the deficiency in training was closely related to the ultimate injury, that the police officer's lack of training actually caused the injury.  *Id.* at 391.  Thus, the Supreme Court held that a city can be liable if ". . . in the light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need . . .."  *Id.* at 390.  "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program. . .."  *Id.* at 390-91; *see also Board of County Commissioners of Bryan County,*

117 S. Ct. 1382 at 1389-91.

Here, I find that Plaintiff's allegations regarding the City's and County's failure to adequately train and supervise its police officers are not sufficient to state a claim for municipal liability under § 1983 and Fed. R. Civ. P. 12(b)(6).  While Plaintiff generally alleges that the City and County have not properly trained or supervised the individual Defendants with respect to certain tasks such as obtaining search warrants, recognizing exigent circumstances, giving *Miranda* warnings, questioning suspects, as well as concepts of reasonable suspicion and probable cause, he fails to allege specific deficiencies in training and supervision, or explain how the incident described in the Amended Complaint could have been avoided with different or better training and supervision.  Mere conclusory allegations that an officer or group of officers are unsatisfactorily trained will not "suffice to fasten liability on the city."  *City of Canton*, 489 U.S. at 390-91.

In addition, while Plaintiff alleges that the inadequate training and supervision resulted "in the violation of Plaintiff's Fourth, Fifth and Fourteen[th] Amendment rights" that the City and County "knew of, condoned and approved the wrongful acts of Detective Chacon and the other individual Defendants," these allegations are conclusory in nature and devoid of any supporting factual allegations that would demonstrate that the City or County were deliberate indifferent to the need for more or better training and supervision.  *City of Canton*, 489 U.S. at 390.  Plaintiff alleges that his constitutional rights were violated by the individual Defendants, and then speculates that the City and Count must have a policy of inadequate training and supervision and

that such policy is the moving force behind the alleged constitutional violations, without

providing any factual basis for this conclusory leap.   *See Martin v. Dist. of Columbia*,

720 F. Supp. 2d 19, 23 (D.D.C. 2010) (granting city's motion to dismiss § 1983 claim

based on inadequate training when allegations did "nothing more than recite the

required causal elements of custom or policy liability based on deliberate indifference"

and plaintiff's "conclusory statements" were "unsupported by additional factual

allegations"); *cf. Jordan by Jordan v. Jackson*, 15 F.3d 333, 340 (4th Cir. 1994) (holding

that the complaint stated a claim against the county under § 1983 when it alleged

existence of several specific customs or policies, including (1) "a policy of providing

inadequate training to [county] employees both on how to determine whether a

summary removal was proper and on the statutory procedural requirements following

removal"; and (2) a practice of training employees in a manner that "encouraged the

removal of any child left alone, regardless of the circumstances"); *Anderson v. City of

Blue Island*, No. 09C5158, 2010 WL 1710761, at *2 (N.D. Ill. April 28, 2010) (finding

plaintiff's § 1983 claim survived city's motion to dismiss when plaintiff's allegations of

inadequate training "highlight[ed] a specific deficiency in the training provided to [police

officers] he encountered on the night in question and present[ed] a plausible causal

connection between the training and constitutional deprivation he allegedly suffered.").

        Even construing the allegations in the Amended Complaint in the light most

favorable to Plaintiff, I find that Plaintiff has set forth only a "formulaic recitation" of the

elements of a § 1983 claim based on failure to train and supervise and, therefore,

Plaintiff's claims against the City and County based on inadequate training and

supervision should be dismissed under Fed. R. Civ. P. 12(b)(6).  See *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 555).

      b.   <u>The Individual Defendants</u>

      The individual Defendants, with the exception of Defendant Chacon, contend that

the claims against them must be dismissed because Plaintiff has failed to identify which

particular Defendant committed which specific act alleged in the Amended Complaint.

The individual Defendants assert that the allegations in the Amended Complaint are

insufficient to provide them with adequate notice as to the nature of the claims against

each of them.  In response, Plaintiff contends that during the incident in question, only

Defendant Chacon identified himself by name, and because Plaintiff is not personally

acquainted with the remaining Defendants, and because they did not identify

themselves during the course of the incident, he is unable to identify which of the

remaining individual Defendants did what.  Plaintiff maintains, however, that all of the

individual Defendants were present at the incident in question and participated in the

events described in the Amended Complaint.  He further notes that the individual

Defendants have admitted that they were present at the incident.

      A complaint must give defendants fair notice of the claims asserted against them,

and the grounds upon which those claims rest.  *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957).  In addition, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S.

___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  In their motions to dismiss, the individual Defendants rely heavily on

*Robins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008), in which the Tenth

Circuit noted that in § 1983 cases, where defendants often include both legal entities

and individual actors, "it is particularly important . . . that the complaint make clear

exactly who is alleged to have done what to whom, to provide each individual with fair

notice as the basis of the claims against him or her, as distinguished from collective

allegations against the state." In that case, the plaintiff brought claims against the

Oklahoma Department of Human Services, the director of DHS, various DHS social

workers and supervisors, and another individual following the death of their infant

daughter at a licenced, privately owned daycare facility in Oklahoma. *Robins*, 519 F.3d

at 1246. However, the complaint failed to isolate the alleged unconstituional acts of

each defendant and, therefore, did not provide adequate notice of the claims against

each. *Id.* at 1250. The Tenth Circuit explained that by using the collective term

"defendants" to refer to a variety of entities and individuals, "it is impossible for any of

these individuals to ascertain what particular[ ] acts they are alleged to have

committed." *Id* at 1250.

I find that the allegations in the Amended Complaint are distinguishable from the

allegations in *Robins* in several important respects. First, the allegations in the

Amended Complaint differentiate between the actions taken by individual Defendants

and actions allegedly taken by the City and County. In addition, all of the individual

Defendants are law enforcement officials employed by the City or County, and all are

sued in their individual capacities. Moreover, the allegations pertaining to the individual

Defendants all relate to a single incident, and all of the individual Defendants are

alleged to have been present at that incident and to have acted in concert.  Unlike *Robins*, this is not a case where the allegations against the individual Defendants are "entirely different in character and therefore . . . mistakenly grouped in a single allegation."  *Id.*  While Plaintiff has not alleged which specific Defendant committed which specific act during the incident in question, it would be unfair to require Plaintiff to do so based on the circumstances alleged in this case.  Here, I find that the allegations in the Amended Complaint provide sufficient notice to the individual Defendants of the claims asserted against them and the grounds upon which those claims rest.  Therefore, I deny the motions to dismiss with respect to the claims asserted against the individuals Defendants.

III.    CONCLUSIONS

Therefore, for the reasons set forth herein, it is hereby

ORDERED that Defendants' Motion to Dismiss, filed November 18, 2010 [ECF No. 23], and the County Defendants' Motion to Dismiss Amended Complaint, filed November 22, 2010 [ECF No 25] are **GRANTED IN PART AND DENIED IN PART**. The motions are granted in that the claims and causes of action asserted against the City of Colorado Springs and El Paso County County are dismissed.  The motions are denied with respect to the claims and causes of action asserted against the remaining individual Defendants.

Dated:  May 18, 2011


BY THE COURT:



s/ Wiley Y. Daniel

Wiley Y. Daniel

Chief United States District Judge